IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES E. TILL and COURTNEY B.
TILL,

       Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY ,

       Defendant.

06-CV-1376-BR

OPINION AND ORDER


JOHN SPENCER STEWART
THOMAS A. LARKIN
ROBERT B. COLEMAN
Stewart, Sokol & Gray, LLC
2300 S.W. First Ave., Ste. 200
Portland, OR 97201
(503) 221-0699

       Attorneys for Plaintiffs

RONALD J. CLARK

1  - OPINION AND ORDER

**MARIANNE M. GHIM**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 97204
(503) 228-6351

      Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Defendant American
Family Mutual Insurance Company's Motion (#9) for Summary
Judgment.  For the following reasons, the Court **GRANTS**
Defendants' Motion.


## FACTUAL BACKGROUND

     The following material facts are undisputed or, if disputed,
are viewed in the light most favorable to Plaintiffs as the non-
moving parties.

     In August 2003, Plaintiffs hired contractor Anderson Door
and Window Mechanics to repair windows in their home.  While
performing the work, Anderson caused lead-based paint dust to
contaminate the home and the Plaintiffs' personal property in the
home, which resulted in substantial property damage and costs of
abatement to Plaintiffs.

     Plaintiffs had insurance on their home and certain personal
property in the home under a homeowners policy issued by
Defendant.  The policy included the following insurance coverages

2  - OPINION AND ORDER

that are relevant to the issues raised in Defendant's Motion:

> COVERAGE B - PERSONAL PROPERTY
>
> We cover risks of accidental direct physical loss to property described in Coverage B - Personal Property, when caused by a peril listed below . . . .
>
>                    \*   \*   \*
>
> 8.   Vandalism or Malicious Mischief, meaning only willful or malicious damage to or destruction of property.

Def.'s Concise Statement of Material Facts, Ex. 1 at 8. The policy also includes $10,000 in supplemental coverage for "Pollutant Cleanup and Removal." *Id.,* Ex. 1 at 5. In addition, the policy contains a "suit limitation provision" that requires any lawsuit for insurance coverage to be brought "within two years after the loss or damage occurs." *Id.*, Ex. 1 at 11.

In fall 2003, Plaintiffs discussed with Defendant's agent, Ian Kienzle, coverage under the homeowners policy for their losses arising from Anderson's work. Kienzle advised Plaintiffs that the homeowners policy did not cover Plaintiffs' losses "except for $10,000 in pollution clean-up coverage." The agent also advised Plaintiffs not to make a claim and that "their ability to make a claim would remain open."

In July 2005, Plaintiffs brought an action against Anderson for, *inter alia,* breach of contract and negligence. In September

2005, Plaintiffs also brought an action against a contractor for

3  - OPINION AND ORDER

negligently recommending Anderson.

Both lawsuits were settled in April 2006.

In August 2006, Plaintiffs filed this action against Defendant in Multnomah County Circuit Court, Oregon, alleging state-law claims for breach of the insurance contract and for breach of the duty of good faith and fair dealing. Defendant removed the case to this Court based on diversity of citizenship.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.*

A mere disagreement about a material issue of fact, however,

4 - OPINION AND ORDER

does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

Defendant contends it is entitled to summary judgment because Plaintiffs' action is barred by the insurance policy's two-year "suit limitation provision."  In the alternative, Defendant asserts Plaintiffs' homeowners policy does not cover the loss or damage to Plaintiffs' personal property because Plaintiffs have failed to present any evidence that the loss or damage was caused by vandalism or malicious mischief resulting

from Anderson's intentional acts when it performed the work in

5 - OPINION AND ORDER

Plaintiffs' home.[1]

Plaintiffs, however, contend Defendant is estopped from asserting the suit-limitation provision as a defense on the ground that Plaintiffs relied on statements made by Kienzle, Defendant's agent, who allegedly discouraged Plaintiffs from making a claim.  Plaintiffs also contend they have presented sufficient evidence to establish that a genuine issue of material fact exists as to whether Anderson intentionally caused the damage and losses to Plaintiffs' home and personal property.

Because this case is before the Court based on diversity of citizenship and involves issues of state law, the Court applies the substantive law of the State of Oregon, which is where the insurance policy was issued.  *See Erie R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938).  *See also Intel Corp. v. Hartford Acc. & Ind. Co.,* 952 F.2d 1551, 1156 (9th Cir. 1991); *Restatement (Second) of Conflict of Laws*, § 188 (1971).

**I.    Two-Year Suit-Limitation Provision.**

As noted, it is undisputed that Plaintiffs failed to file this action within the policy's two-year suit limitation.

"Under the proper circumstances, an insurer may be estopped from asserting a suit limitation provision as a defense to

--------

[1] Although Defendant disputes its liability to pay $10,000 under the supplemental "Pollutant Cleanup and Removal" coverage, Defendant has made an "*ex gratia* offer" to pay that sum to Plaintiffs.  The potential coverage under that provision, therefore, is not at issue.

liability on an insurance policy." *Herman v. Valley Ins. Co.,*
145 Or. App. 124, 133 (1996). To establish estoppel as to the
suit limitation, Plaintiffs must prove (1) Defendant made a false
representation, (2) Defendant made the false representation with
knowledge of the facts, (3) Plaintiffs were ignorant of the
truth, (4) Defendant made the representation with the intention
that it would be acted on by Plaintiffs, and (5) Plaintiffs
were induced to act on it. In other words, Defendant must
have done something that constituted an affirmative inducement
to cause Plaintiffs to delay bringing this action. *See Herman*,
145 Or. App. at 133-34.

　　　To support their contention that Defendant offered to keep
Plaintiffs' insurance claim open, Plaintiffs present evidence
that one of them

> asked Mr. Kienzle if American Family would
> keep my family's ability to make a claim open
> if we did not make a claim at that time and
> instead followed Mr. Kienzle's advice to see
> what Anderson would do. My recollection is
> that Mr. Kienzle said that yes, he would keep
> our ability to make a claim open.

Pls.' Concise Statement of Material Facts at ¶ 1; James Till
Decl. ¶ 2; Courtney Till Decl. ¶ 2. Thus, according to
Plaintiffs, they understood their "ability to make a claim" would
remain "open" because of Kienzle's comments. *Id.* Plaintiffs
also assert Kienzle told them that their premiums would increase
if they made a claim, and, in his experience, "when a contractor

7 - OPINION AND ORDER

causes damage and starts paying for it, as Anderson was then doing, the contractor usually makes full payment, which would avoid the need for us to make a claim." *Id.*

Plaintiffs' contentions are corroborated to some extent by Kienzle's initial investigation report to Defendant.  Although Kienzle reports a coverage decision was made that only pollution cleanup of up to $10,000 would be covered, he also comments on "Settlement Activity" regarding applicable Coverage B:

> Insured is currently not presenting a claim
> as all damages are currently being handled by
> Anderson Door & Window Mechanic's.  Insured
> just wanted to put us on notice of the loss.

Def.'s Concise Statement of Material Fact, Ex. 2 at 2.

Defendant does not dispute Kienzle told Plaintiffs that "he felt he had 'found' the possibility of $10,000 for pollution cleanup under the Pollution Cleanup Endorsement."  Defendant also does not dispute that Kienzle "afforded a courtesy to [P]laintiffs" by telling them that Defendant would maintain Plaintiffs' option to keep their claim open.  Defendant, however, contends there is not any evidence that the courtesy extended beyond the filing of a claim for the $10,000 pollution cleanup coverage.  Defendant, therefore, contends any claim by Plaintiffs for insurance coverage beyond the $10,000 is time-barred.

Although Defendant does not present any direct evidence that

Plaintiffs knew the offer "to allow the claim to remain open"

8 - OPINION AND ORDER

extended only to potential coverage for pollution cleanup,
Defendant requests the Court to draw certain inferences from
the undisputed evidence that indicates Plaintiffs knew the only
"open claim" was for pollution cleanup.  For example, Defendant
contends Plaintiffs' testimony that they would have brought an
action against Defendant in September 2003 but for Kienzle's
representations "seems gratuitous" because Plaintiffs admitted
they had not read the insurance policy and, therefore, were
unaware of the suit-limitation provision.  Moreover, according to
Defendant, even if it did promise to keep the claim process open,
the time for filing a claim would have extended only for the
period during which Anderson was apparently cooperating with
Plaintiffs to resolve their claim.  In other words, the extension
would have expired in July 2004 when Plaintiffs filed a lawsuit
against Anderson.  Thus, Defendant contends there is not any
evidence that Kienzle intentionally induced Plaintiffs to forego
the right to timely file an action against Defendant.

     The Court disagrees.  The Court notes Defendant has not
presented any evidence to establish Kienzle warned Plaintiffs
that the "open claim" offer was specifically limited to pollution
cleanup coverage or that Kienzle advised Plaintiffs that their
potential pollution cleanup claim under the homeowners policy

would remain "open" subject to the two-year suit-limitation

9  - OPINION AND ORDER

provision.  Plaintiffs' lack of knowledge regarding the suit-limitation provision may be a relevant fact, but it does not establish conclusively that Plaintiffs understood the nature and extent of the "claim" that Kienzle promised to keep open. In addition, Defendant does not explain why Plaintiffs should have realized that Defendant's offer to keep the insurance claim open expired when Plaintiffs filed a lawsuit against Anderson.  Finally, Defendant does not address Plaintiffs' assertion that Kienzle suggested Plaintiffs' premiums might increase if they made a claim.

At best, the inferences Defendant requests the Court to draw from the evidence establish the existence rather than the absence of genuine issues of material fact as to whether (1) Plaintiffs understood Defendant's offer to leave the insurance claim open extended to Plaintiffs' right to assert a claim as to coverage for all of their damages and losses or only to a claim for pollution cleanup and (2) Plaintiffs reasonably understood the "open" time frame for asserting a claim did not extend beyond the two years set forth in their policy's suit-limitation provision.  Moreover, a genuine issue of material fact exists as to whether Defendant induced Plaintiffs not to file a timely claim by suggesting the amount of their premium might be increased if they did so.

Accordingly, the Court concludes Defendant is not entitled

to summary judgment on the ground that Plaintiffs' claims under their homeowners policy are time-barred.

II. **Vandalism and Malicious Mischief Coverage.**

Defendant asserts Plaintiffs are not entitled to insurance coverage under their homeowners policy for damage and losses beyond pollution cleanup of $10,000 because the availability of such coverage depends on a finding that Anderson subjectively intended to cause "willful or malicious" damage and losses. Defendant contends Plaintiffs have not presented any admissible evidence of such intent.

The parties agree Plaintiffs' claim for insurance coverage under "Coverage B - Personal Property" depends on evidence that Anderson caused willful or malicious damage to Plaintiffs' property that amounts to "Vandalism or Malicious Mischief." *See Hatley v. Truck Ins. Exch.,* 261 Or. 606, 616 (1972)(property has been damaged "willfully and maliciously if the damage results from an intentional act from which damage manifestly would or could result.").

Plaintiffs assert they have presented evidence sufficient to establish the existence of a genuine issue of material fact that Anderson willfully and maliciously damaged their property.

A. **Gordon Anderson's Declaration against Interest.**

As evidence that Anderson "willfully and maliciously" intended harm to their property, Plaintiffs offer statements

that, in effect, constitute a declaration against interest allegedly made by owner Gordon Anderson during a November 2003 meeting with Plaintiffs and a lawyer from the law firm where James Till was employed as an associate.  Plaintiffs state Gordon Anderson "expressly admitted that he knew that the way Anderson performed its work would spread lead paint dust in [Plaintiffs'] family home," and the reason his company did not take precautions to protect its clients, including Plaintiffs, was that "it was not economically justified."  Pls.' Concise Statement of Material Fact; Courtney Till Decl. ¶ 4.

Defendant objects to this evidence on the ground that it is inadmissible hearsay.  The Court agrees these out-of-court statements are hearsay because Plaintiffs offer them to prove the truth of the matter asserted; *i.e.,* that Anderson acted willfully and/or maliciously with intent to harm Plaintiffs.  *See* Fed. R. Evid. 801(c).  The Court also finds the statements are not admissible as nonhearsay admissions of a party opponent under Rule 801(d)(2) because neither Gordon Anderson nor his company are party-opponents to Plaintiffs in this litigation.

In response, Plaintiffs assert Gordon Anderson's statements constitute a declaration against interest under Fed. R. Evid. 804(b)(3), which is allowed on summary judgment as admissible

evidence merely submitted in inadmissible form.  *See Fraser v.*

12 - OPINION AND ORDER

*Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003)("At the summary judgment stage, [the court does] not focus on the admissibility of the evidence's form.  We instead focus on the admissibility of its contents.").  *See also Burch v. Regents of the Univ. of Cal.,* 433 F. Supp. 1110, 1119 (E.D. Cal. 2006)("[O]bjections to the *form* in which the evidence is presented are particularly misguided where, as here, they target the non-moving party's evidence." (emphasis in original)).

The Court agrees with Plaintiffs that hearsay statements allegedly made by Gordon Anderson may be sufficient to establish the existence of a genuine issue of material fact on summary judgment if Plaintiffs establish Anderson will not be available to testify at trial.  *See* Fed. R. Evid. 804(b).  Rule 804(a)(1-5) specifies a declarant is unavailable only if (1) he "is exempted by ruling of the court on the ground of privilege"; (2) he "persists in refusing to testify . . . despite a court order"; (3) he "testifies to a lack of memory; (4) he "is unable to testify at the hearing because of death or then existing physical or mental illness or infirmity"; or (5) the proponents of the evidence, Plaintiffs in this case, "[have] been unable to procure [his] attendance or testimony by process or other reasonable means."  A hearsay declaration against interest, however, is not

admissible on summary judgment when the nonmoving party does not

13 - OPINION AND ORDER

show the declarant is unavailable.  *Pfingston v. Ronan Eng'r.*
*Co.,* 284 F.3d 999, 1004 (9th Cir. 2002).

As in *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir.
2002), in which the court held unauthenticated hearsay evidence
is inadmissible to defeat a summary-judgment motion, the ultimate
issue here is whether the hearsay evidence offered by Plaintiffs
is reliable.  "The traditional solution has been to recognize
numerous exceptions [to the hearsay rule] where 'circumstantial
guarantees of trustworthiness justify departure from the general
rule excluding hearsay.'"  2 *McCormick On Evid.* 253 (6th ed.)
(citing 5 *Wigmore, Evidence* § 1422 (Chadbourn rev. 1974)).

In this case, Plaintiffs did not attempt to establish
either in their original or reply memoranda in support of the
pending Motion that Gordon Anderson was unavailable to testify at
trial.  Nevertheless, Plaintiffs advised the Court during oral
argument that they had scheduled Gordon Anderson's deposition for
the following day.  The Court, in the exercise of its discretion,
permitted Plaintiffs to supplement their opposition to
Defendant's Motion with any additional relevant evidence on
completion of the deposition.  In their supplemental Memorandum,
filed June 18, 2007, Plaintiffs assert Gordon Anderson's
deposition establishes that he is unavailable to testify at trial
regarding his declaration against interest:

> Q.  Tell me what you can recall was said in
>     each of those conversations . . . ?

14 - OPINION AND ORDER

> A.  The first conversation was on the
> phone.  A couple of things that I
> remember is that he told me that he was
> drawing out this whole ordeal with the
> house and the cleanup, requiring the
> extensive cleanup, the company that we
> had hired, in hopes I would come with my
> checkbook and ask him how much it was
> going to cost me to make this all go
> away.
>
> Q.  Okay, what did you say in response; do you
> recall?
>
> A.  That I had no idea, was my response.  I
> had no idea that's what he was doing. . .
> He also told me he had eight different
> lawyers telling him that he should sue
> me.
>
> Q.  And did you respond to that to that?
>
> A.  I don't recall responding.  Probably even
> now I don't know what I would say to something
> like that.

Pls.' Supplemental Mem., Gordon Anderson Dep. at 31.  Gordon

Anderson also remembered he told Plaintiffs that he hoped "we

could work this out."  *Id.* at 32.

   Gordon Anderson testified he called James Till in the second

telephone conversation to respond to a $75,000 settlement demand:

"I just said, 'I'm going to keep my big mouth shut from here on

out,' as I realized the nature of his interest."  Gordon Anderson

Dep. at 33.  Gordon Anderson also unequivocally denied he made

the statements attributed to him by Plaintiffs in the November

2003 meeting in James Till's law office.  *Id. at* 38-39.

   According to Plaintiffs, the deposition transcript reflects

15 - OPINION AND ORDER

that even though Gordon Anderson denied making the statements
attributed to him by Plaintiffs in the November 2003 meeting in
James Till's law office, he was unable to recall any conversation
regarding the subject of his alleged declaration in the two
subsequent telephone conversations with Plaintiffs.  Accordingly,
Plaintiffs contend the deposition testimony of Gordon Anderson
establishes that he is unavailable to testify at trial based on
lack of memory.  Fed. R. Evid. 804(a)(3).

        Not surprisingly, Defendant disagrees with Plaintiffs'
view and contends the relevant deposition testimony reflects only
that Gordon Anderson "does not recall saying what plaintiffs say
he said because he denies ever saying it."  Def.'s Resp. at 4.
To clarify any "unclear testimony," Defendants submit the
Declaration of Gordon Anderson in which he avers he is available
to testify at trial, he remembers the conversations with James
Till, and he did not make the alleged declaration against
interest during the November 2003 meeting.

        On this record, the Court finds Plaintiffs have failed to
establish that Gordon Anderson lacks memory of his conversations
with Plaintiffs to a degree that he would be, in effect,
unavailable to testify at trial as to his alleged November 2003

declaration against interest in James Till's law office.  *See,*

16 – OPINION AND ORDER

*e.g., North Miss. Comm., Inc. v. Jones,* 792 F.2d 1330, 1337 (5th Cir. 1986)(alleged statement against interest was inadmissible because the declarant "remember[ed] the general subject matter discussed, and his lack of memory of the details is not sufficient to make the testimony admissible" when the declarant was, in fact, available for trial).

Accordingly, the Court concludes Gordon Anderson is available to testify at trial and, therefore, his alleged statement against interest is deficient both as to form and substance and is inadmissible to support Plaintiffs' Motion for Summary Judgment.

**B.   Contract Terms.**

Even if Gordon Anderson's hearsay statement, however, is not admissible to defeat summary judgment, Plaintiffs assert the contract they had with Anderson reflects Anderson knew damage would occur unless precautions were taken.  The contract provided Anderson would take precautions against lead-paint damage if Plaintiffs specified the work in a change order.  The Court is not persuaded this evidence, if admissible, establishes that a genuine issue of material fact exists as to whether Anderson acted willfully and maliciously.  The evidence, at best, may

establish Anderson knew lead paint could contaminate Plaintiffs'

17 - OPINION AND ORDER

household belongings and was willing to undertake remedial work
if Plaintiffs identified the work in a change order, and
presumably, were willing to pay for it.  The evidence, however,
is not sufficient to establish that Anderson had willful and/or
malicious intent to cause damage.

   **C.  Defendant's Burden on Summary Judgment.**

   As the moving party, Defendant has the burden to show that a
genuine issue of material fact does not exist.  *See Leisek v.
Brightwood Corp.*, 278 F.3d at 898.  In *Celotex Corp. v. Catrett*,
the Supreme Court made clear that a party seeking summary
judgment "always bears the initial responsibility of informing
the district court of the basis for its motion, and identifying
those portions of the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, which it believes demonstrate the absence of
a genuine issue of material fact."  477 U.S. 377, 323-325 (1986).
The Supreme Court, however, clarified the limits of that
"responsibility":

> We find no express or implied requirement in
> Rule 56 that the moving party support its
> motion with affidavits or other similar
> materials *negating* the opponent's claim.  On
> the contrary, Rule 56(c), which refers to the
> affidavits, *if any*", suggests the absence of
> such a requirement. And if there were any
> doubt about the meaning of Rule 56(c) in this
> regard, such doubt is clearly removed by
> Rules 56(a) and (b), which provide that
> claimants and defendants, respectively, may

> move for summary judgment *with or without supporting affidavits*. The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. <u>One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose</u>.
>
> * * *
>
> <u>As we have explained, the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case</u>.

*Id.* (italicized emphasis in original, underlined emphasis added).

On this record, the Court finds Defendant has established the absence of a genuine issue of material fact regarding Anderson's intent to cause harm to Plaintiffs. Accordingly, the Court concludes Defendant is entitled to summary judgment as to Plaintiffs' claim that the damages to their personal property are covered under the "Vandalism - Malicious Mischief" provision in the homeowners policy issued to them by Defendant.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion for

19 - OPINION AND ORDER

Summary Judgment (#9).

    IT IS SO ORDERED.

    DATED this 26th day of June, 2007.


                      /s/ Anna J. Brown

                      _____
                      ANNA J. BROWN
                      United States District Judge

20 - OPINION AND ORDER

21 - OPINION AND ORDER